**Dalton BAKER, Appellant,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Appellee.**

No. 83–2291.

United States Court of Appeals, Eighth Circuit.

Submitted March 19, 1984.

Decided March 27, 1984.

Rehearing Denied April 30, 1984.

---

W. Asa Hutchinson, U.S. Atty., Deborah J. Groom, Asst. U.S. Atty., Fort Smith, Ark., Randolph W. Gaines, Deputy Asst. Atty. Gen. Counsel for Litigation, A. George Loew, Chief, Disability Litigation Branch, Anne F. Sirota, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., for appellee.

Thomas A. Martin, Jr., Jasper, Ark., for appellant.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Dalton Baker's claim for disability benefits under Title II of the Social Security Act was denied by a final decision of the Appeals Council acting for the Secretary of Health and Human Services. The District Court, 569 F.Supp. 749,[1] affirmed that decision. For reversal Baker argues that review by the Appeals Council was improper and that the Appeals Council's decision was unsupported by substantial evidence. We affirm.

Baker's disability claim stems from back surgery performed in 1961, and his condition has been aggravated by arthritis in his neck, shoulders, and hand. He also has suffered from prostatitis and a chronic ob-

1. The Hon. H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

structive pulmonary disease. In 1980, at age 47, Baker retired from a saw-sharpening service which he began after his surgery. With family assistance, Baker operates a 190-acre farm with 28 head of cattle. He testified, however, that his physical activity is limited.

## I.

The Administrative Law Judge (ALJ) approved Baker's claim. On its own motion the Appeals Council reviewed and reversed the ALJ's decision. Baker's first argument for reversal is that the Appeals Council violated the Department's own regulations in selecting his case for review.

The regulations give the Appeals Council authority to review decisions of the ALJs on its own motion. 20 C.F.R. § 404.969 (1983). The provision on which Baker relies, 20 C.F.R. § 404.970(a), reads as follows:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

Baker argues that his case fits none of the four categories set forth in this regulation. The Secretary replies, among other things, that the categories set forth in the regulation are not exclusive, that is, that the Appeals Council may review cases on its own motion for other reasons, if it wishes. Precedent of long standing obliges us to give great deference to an agency's interpretation of its own regulations. *E.I. DuPont de Nemours & Co. v. Collins,* 432 U.S. 46, 54–55, 97 S.Ct. 2229, 2234–2235, 53 L.Ed.2d 100 (1977); *Anderson v. Heckler,* 726 F.2d 455 at 457 (8th Cir.1984). We must accept the agency's interpretation, if it is reasonable in terms of the words of the regulation and the purposes of the statute, even though, as an original matter, we might have reached a different conclusion. Here, the agency's interpretation of the regulation is not unreasonable. Section 404.970(a) merely sets out those categories of cases which the Appeals Council *"will* review." (Emphasis ours.) The regulation does not provide in so many words that the Appeals Council is forbidden to select other kinds of cases for own-motion review, and we do not believe that the Secretary is compelled to read the regulation in this restrictive fashion. The statute, 42 U.S.C. § 405(b), authorizes the Secretary to "hold such hearings and to conduct such investigations and other proceedings" as are necessary to administer the law. The Secretary's construction of the regulation at issue is consistent with this subsection of the statute. The Secretary might well feel, in individual cases, that good reason exists for own-motion review, despite the fact that the case might not fall clearly within any of the categories listed in § 404.970(a). Settled principles of administrative law therefore require us to uphold the Secretary's interpretation of her own regulation as purely illustrative, rather than a mandatory and exclusive list of the only kinds of cases in which own-motion review is lawful.

We note, in addition, that Baker's proposed construction of the regulation would create significant practical difficulties. In his view, if an ALJ's decision is itself supported by substantial evidence, that decision must govern the result in court, no matter what the Appeals Council may decide, unless the case falls under categories (1), (2), or (4) of § 404.970(a). In other words, if there has been no abuse of discretion by the ALJ, and if no error of law has been committed, and if the case does not involve any broad policy or procedural issue, the Appeals Council's decision to select a case for own-motion review is invalid unless the reviewing court holds that the ALJ's findings were not supported by substantial evidence. Here, Baker earnestly contends, the ALJ's disposition is supported by substantial evidence, and we can

concede for purposes of argument that this is true, in the sense that if the ALJ's decision had not been internally reviewed within the Department of Health and Human Services, and if the statute provided for review in court on petition of the Secretary, a court would have to affirm the ALJ on the ground that his decision is supported by substantial evidence.

■ The problem with this mode of analysis is twofold: First of all, it ignores the fact that the statute authorizes the Secretary, not the ALJ, to make reviewable final decisions in disability cases. The Secretary has chosen to act through the Appeals Council, and therefore it is the Council's decision that must be deferred to by the courts if substantial evidence exists to support it, whatever the result might have been if the courts were reviewing the ALJ's decision directly. The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision. See *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966); *Easttam v. Secretary of Health, Education & Welfare*, 364 F.2d 509, 513 (8th Cir.1966). Compare *Hillhouse v. Harris*, 547 F.Supp. 88, 91 (W.D.Ark.1982) (Appeals Council's rejection of credibility finding by ALJ affirmed as based on substantial evidence; courts review findings of the Secretary, through the Appeals Council, not findings of ALJs), *aff'd per curiam*, 715 F.2d 428 (8th Cir.1983); *Yamaha Motor Co. v. FTC*, 657 F.2d 971, 979 n. 9 (8th Cir.1981) (commission rejects ALJ's findings; commission upheld as supported by substantial evidence), *cert. denied*, 456 U.S. 915, 102 S.Ct. 1768, 72 L.Ed.2d 174 (192).

Secondly, Baker's argument overlooks the fact that the decision by the Appeals Council to single out a given case for own-motion review necessarily occurs at the beginning of the Appeals Council process. The Council may believe, for example, that the case fits one of the four categories listed in the regulation, but it may turn out, after full examination, that this initial impression was mistaken. We do not believe that the Council is then required to abandon its own review and to allow the ALJ's decision to stand, even when it has a definite and firm conviction that the ALJ was mistaken. The question of power to review must, as a practical matter, be addressed and decided at a preliminary stage, not after the review is completed, at a time when a negative answer to the question would render the whole review process nugatory.

In short, we are unable to say that the Appeals Council's decision to review Baker's case on its own motion is forbidden either by regulation or by statute.

## II.

■ Baker argues in the alternative that even if the Appeals Council was within its legal rights in selecting his case for own-motion review, its decision against him must be reversed because it is not supported by substantial evidence on the record as a whole. He stresses, and we agree, that when the Appeals Council differs from the ALJ on a question of credibility, the Council's decision must be subjected to especially careful scrutiny. See *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 496–97, 71 S.Ct. 456, 468–69, 95 L.Ed. 456 (1951).

■ Here, the Council took pains to explain its reasons for rejecting the ALJ's statement that Baker's credibility "could not be questioned." Among other things, the Council relied on the facts that Baker could show no history of treatment or medication, and that he had engaged and was still engaging in substantial farming and gardening activities. In addition, the Council observed that the only physician to examine Baker in nearly twenty years was, based on his clinical examination, unable to specify the extent to which Baker's ailment restricted his activities. We hold that the

Appeals Council's decision, which is the decision of the Secretary, was supported by substantial evidence.

Affirmed.