Annie B. PARRIS, Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, United States of America, Appellee.

No. 83–1875.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 9, 1984.

Decided April 30, 1984.

Rehearing and Rehearing En Banc Denied Aug. 6, 1984.

James H. Toms, Hendersonville, N.C. (Ervin W. Bazzle of James H. Toms, P.A., Hendersonville, N.C., on brief), for appellant.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellee.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

In this action Annie B. Parris seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Secretary of Health and Human Services denying her claim for Social Security disability insurance benefits. The Administrative Law Judge (ALJ) found that Parris was entitled to disability benefits. Upon review the Appeals Council reversed the ALJ's decision, and this determination became the Secretary's final decision. The District Court granted summary judgment for the Secretary, finding that the Secretary's denial of benefits rested on substantial evidence. The claimant appeals from the District Court's judgment, and we affirm.

Parris was born April 1, 1933, and was 45 years old at the time of the alleged onset of disability, September 1, 1978. She has an eighth grade education, and has worked as a dishwasher and laundry checker. Parris claimed disability because of poor circulation, high blood pressure, and diabetes. The ALJ concluded, based on the evidence including the claimant's own testimony and the records of her treating physician, that Parris has experienced severe hypertension, diabetes mellitus, diabetic retinopathy, diabetic peripheral neuropathy and obesity since September 1, 1978, and that she has suffered from residuals of cataracts, lower extremity swelling, back pains and nervousness as well. He determined that there existed "an overwhelming combination of exertional and non-exertional conditions." The Appeals Council reviewed the entire record, taking no additional evidence. It recognized that Parris suffered from diabetes, obesity and high blood pressure during the time that she met the special earnings requirements of the Act, up to September 30, 1978, but determined that these conditions were not so severe as to preclude all work activity. Although Parris could not perform her past relevant work, as she was not capable of prolonged standing, walking, and lifting, she had the residual functional capacity for a complete range of sedentary work and accordingly was not disabled.

Initially the claimant argues that the Appeals Council applied an improper standard of review in reversing the ALJ's decision. If the Appeals Council did so, it would be an error of law, and outside the scope of the "substantial evidence" rule which limits our examination of the Secretary's factual findings. 42 U.S.C. § 405(g).

20 C.F.R. § 404.970(a) specifies that:

"The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest."

Thus, the Appeals Council does not have unbridled discretion to overturn an ALJ's decision with which it disagrees, but may only do so if one of these four grounds is present. Should the Appeals Council take

new and material evidence, as authorized by 20 C.F.R. § 404.976(b), however, a broader standard of review is provided, and the Appeals Council may reverse the ALJ's action, findings, or conclusions if "contrary to the weight of the evidence currently in the record." 20 C.F.R. § 404.970(b). This is consistent with the Secretary's "ultimate responsibility for factual determinations." *Beavers v. Secretary of Health, Education & Welfare*, 577 F.2d 383, 387 (6th Cir.1978). Since no new evidence adverse to the claimant was taken, this exception did not come into play.

▪ Unfortunately, the Appeals Council's decision does not clearly state which of the four grounds, if any, was relied upon in reversing the ALJ. Prior to issuing its decision, however, the Appeals Council informed the claimant, in a communication which is part of the record in this case, that "[t]he administrative law judge's ultimate conclusion as to 'disability' is not supported by substantial evidence." Our review of the opinion of the Appeals Council reveals nothing plainly inconsistent with assumed application of the "substantial evidence" standard. This standard has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938), for purposes of our review of the Secretary, and there is no reason to suppose that the Secretary's regulations were drafted with a different meaning in mind. Determining whether substantial evidence supports a conclusion necessarily entails a review of the entire record, though not as searching as in a *de novo* review. On the basis of the record before us, we cannot conclude that the Appeals Council failed to follow the Secretary's own regulations and applied an improper standard of review.[1]

▪ The remaining issue is thus whether the Secretary's factual findings, which is to say those made by the final reviewing body, the Appeals Council, 20 C.F.R. § 404.981, are supported by substantial evidence. While it is true that evidence supporting a conclusion may be considered less substantial when an impartial, experienced examiner has drawn conclusions differing from those of the Appeals Council, the substantial evidence standard itself is not modified by such disagreement. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 496, 71 S.Ct. 456, 468, 95 L.Ed. 456 (1951); *Beavers*, 577 F.2d at 387; *LeMaster v. Weinberger*, 533 F.2d 337, 339–40 (6th Cir.1976). The statutorily-mandated deference runs in favor of the Secretary and the Appeals Council, not the ALJ and the Appeals Council may reach conclusions differing from those of the ALJ, which we must uphold if supported by substantial evidence. *See Beavers*, 577 F.2d at 386. Here, the claimant's age, education and past work experience were not in dispute, and even the ALJ did not find that Parris' exertional limitations alone rendered her incapable of sedentary activity. Accordingly, an application of the "grids," 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 201.18, dictated a finding of "not disabled," unless nonexertional limitations could be shown, which would require the Secretary to make an individualized determination of the claimant's ability to perform specific jobs in the national economy. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir.1983). Of the various ailments alleged by Parris and accepted by the ALJ, only the pain and vision difficulties might have constituted valid nonexertional impairments if proven, and the Appeals Council did not find either of those impairments to exist on or before September 30, 1978. As to the residuals of cataracts, there is no medical evidence demonstrating a disabling severity in 1978, as

---

1. The claimant urges us to take into account certain internal notes and memoranda used by the Appeals Council in evaluating this case, furnished in response to a Freedom of Information Act request. Aside from the question of wheth-

er such information ought to have been released at all, *see* 5 U.S.C. § 552(b)(5), we think it improper to consider this material because it is not part of the record on appeal.

shown from an eye examination performed while claimant was hospitalized in January 1978. While there is evidence, as recognized by the Appeals Council, that Parris was treated for back pain in 1978, objective medical evidence showing this pain to have been of a disabling severity is absent. The Secretary may not ignore entirely evidence of pain which the ALJ has found credible, *Combs v. Weinberger,* 501 F.2d 1361, 1363 (4th Cir.1974); nonetheless, subjective allegations alone cannot be determinative where there is at least some evidence, as here, that the Appeals Council gave attention to the matter. Pain is not disabling *per se,* and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof. *See Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir. 1977).

In conclusion, we find that the Secretary's determination that the claimant was not disabled as of September 30, 1978 is supported by substantial evidence, and we affirm the District Court's grant of summary judgment for the Secretary.

AFFIRMED.