Donald G. **NEWSOME,**
**Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellee.**

No. 84–5104.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 28, 1984.

Decided Jan. 21, 1985.

Steve Blanton, Appalachian Research and Defense Fund of Kentucky, Pikeville, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Karl L. Anderson, Asst. U.S. Atty., Lexington, Ky., for defendant-appellee.

Before MARTIN, JONES and CONTIE, Circuit Judges.

PER CURIAM.

Donald Newsome, a thirty-nine-year-old former coal miner, seeks review of the district court's opinion which upheld the final decision of the Secretary denying his claim for social security disability benefits. The Appeals Council reversed the administrative law judge's decision that Newsome is entitled to benefits. We reverse.

Newsome has not worked since September 1980. He worked thirteen years as an underground coal miner, spent two years in the United States Army in a maintenance unit, and worked three years as a manual laborer in a factory. In July 1979, Newsome was injured in a mine accident as he was crossing a belt line. As a result of the injury to his back and knee, Newsome was out of work for three weeks. Although he thought he could recover from the injury, Newsome eventually had surgery on his right knee in October 1981.

The record indicates that Newsome has an eighth-grade education. He is unable to return to his past relevant work as a coal miner. His work experience is unskilled and heavy in exertional requirements. He lacks skills acquired in other jobs that are transferable to new jobs.

The evidence submitted to the administrative law judge indicated that Newsome suffers from the following medical impairments: pneumoconiosis with moderate chronic obstructive airway disease; degenerative joint disease of knee and hip; status post injury and surgery on the lateral meniscus of the right knee; status post thigh muscle contusion with chronic strain conditions; degenerative changes of the low back with question of herniated disc or disc syndrome; chronic anxiety disorder; obesity; hypertriglyceridemia; and borderline hyperuricemia. These impairments were medically diagnosed through x-rays,

blood tests, breathing tests, and repeated examinations by Newsome's three treating physicians. All three physicians opined that Newsome is totally disabled and unable to work. Additionally, the administrative law judge concluded that Newsome's testimony regarding his symptoms and restrictions on his daily activities was convincing and supported by the medical evidence. Based on the medical evidence and Newsome's testimony, the administrative law judge concluded that the combined effects of all of Newsome's impairments render him unable to perform any kind of substantial gainful employment. In particular, the judge concluded that Newsome could not perform the walking, sitting, and concentrating which are necessary to performance of a full range of sedentary work. Because of these restrictions, the administrative law judge found that Newsome is disabled.

The Appeals Council reviewed the decision of the administrative law judge on its own motion, pursuant to 20 C.F.R. §§ 404.-969 and 404.970, and reversed. The Appeals Council's decision was based in large part on the consultative examinations of Dr. Joseph Rapier, an orthopedic surgeon. Dr. Rapier opined that, although Newsome suffered from narrowing of the L3–4 disc space, anterior spurring at L3–4, and degenerative changes in the joints of the lumbar spine, he is capable of moderate type work that would not put a lot of strain on his lower back. Additionally, the Appeals Council found that Newsome suffered from numerous impairments but none of them rendered him unable to work. The Appeals Council concluded that Newsome retains the residual functional capacity to perform light or sedentary work.

■ Initially, we note that the Appeals Council does not have unbridled discretion to reverse the determinations made by the administrative law judge. Section 404.-970(a) of 20 C.F.R. states:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

Unless one of these four grounds is present, the Appeals Council has no authority to review the decision of the administrative law judge. *Parris v. Heckler,* 733 F.2d 324, 325 (4th Cir.1984). The Appeals Council reviewed the decision granting benefits to Newsome because it believed that the decision was not supported by substantial evidence. The courts have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). There is no indication that the Secretary intended a different definition in 20 C.F.R. § 404.970(a)(3). *Parris,* 733 F.2d at 326.

In *Parris* the court implied that the requirement in section 404.970(a)(3) is met if the Appeals Council indicates that it applied the "substantial evidence" standard of review. *Parris,* 733 F.2d at 326. According to this view, our task is merely to determine whether the Appeals Council applied the correct standard of review. *Parris,* 733 F.2d at 326. We disagree.

■ Section 404.970(a)(3) does not state that the Appeals Council may review any decision as long as it applies the correct standard of review. The section indicates that the Appeals Council may review a decision only if the decision is in fact unsupported by substantial evidence. Therefore, our function on review is to determine whether the Appeals Council was correct in concluding that the decision of the administrative law judge is unsupported by substantial evidence, not whether the Appeals Council purported to apply the correct standard of review.

■ The decision of the administrative law judge awarding benefits to Newsome is supported by substantial evidence.

Three treating physicians documented a series of medical impairments. Only one physician, Dr. Rapier, indicated that Newsome is able to work. Dr. Rapier diagnosed Newsome's knee problems as "probably a strain" which would respond to conservative treatment. Five months after Rapier's diagnosis, a surgeon performed a lateral meniscectomy on the knee. The administrative law judge properly credited the findings of Newsome's treating physicians, *Branham v. Gardner,* 383 F.2d 614 (6th Cir.1967), and considered the cumulative effects of all the impairments, *Dressel v. Califano,* 558 F.2d 504 (8th Cir.1977). Because the decision of the administrative law judge is supported by substantial evidence, the Appeals Council had no authority to review the decision. Because the Appeals Council's error was an error of law, we are not bound by the "substantial evidence" rule of 42 U.S.C. § 405(g).

Accordingly, the decision of the district court is reversed and the case remanded with instructions to remand to the Secretary for an award of benefits.