Luther D. MULLEN,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 84–1455.

United States Court of Appeals,
Sixth Circuit.

Argued April 1, 1985.

Decided May 23, 1985.

Thomas Hay (argued), Timothy A. O'Rourke, Anderson, Hay & Wonch, Lansing, Mich., for plaintiff-appellant.

Thomas Martin (argued), Martin F. Palus, Asst. U.S. Attys., John A. Smietanka, U.S. Atty., Grand Rapids, Mich., for defendant-appellee.

Before MARTIN and KRUPANSKY, Circuit Judges, and HOLSCHUH, District Judge.[*]

PER CURIAM.

Luther Mullen appeals the summary judgment of the district court, which affirmed the Secretary's denial of Mullen's application for social security disability benefits. Mullen is presently fifty-five years old and has only a fourth-grade education. His past work experience was in a foundry, where he performed heavy, unskilled labor.

Mullen applied for disability benefits on June 22, 1981, claiming he was disabled as of August 22, 1979. His application was initially denied, and Mullen sought a hearing before an administrative law judge. The administrative law judge found that

---

[*] Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

Mullen was suffering from two severe impairments, esophagitis and spondilolisthesis, and that because of these impairments, Mullen could only perform sedentary work.[1] The administrative law judge then applied the medical-vocational grids of 20 C.F.R. pt. 404, subpt. P, app. 2, and concluded that, considering his age, education, and work experience, Mullen was disabled.[2] *See Kirk v. Secretary of Health and Human Services*, 667 F.2d 524 (6th Cir.1981) (explaining use of grids and upholding their validity).

The Appeals Council, however, on its own motion reversed the administrative law judge's decision. The Appeals Council, upon reviewing the medical evidence, concluded that Mullen was capable of doing light work[3] and was therefore not disabled under Rule 202.10 of the grids, 20 C.F.R. pt. 404, subpt. P, app. 2. Thus, the sole debate between the administrative law judge and the Appeals Council was whether Mullen could perform light or only sedentary work.

In the recent case of *Newsome v. Secretary of Health and Human Services*, 753 F.2d 44 (6th Cir., 1985), this Court articulated the proper standard of review in cases where the Appeals Council has reversed on its own motion the decision of an administrative law judge. In *Newsome*, we held that the Appeals Council may only review a decision of an administrative law judge if the administrative law judge's decision falls within one of the four grounds for review stated in 20 C.F.R. § 404.970(a). *Newsome*, 753 F.2d at 46. That section states:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

In this case, the Appeals Council reversed the administrative law judge's decision on the ground that his findings were not supported by substantial evidence. 20 C.F.R. § 404.970(a)(3). If the administrative law judge's decision was supported by substantial evidence, the Appeals Council had no authority to review the case and would have committed an error of law if it had done so. *Newsome*, 753 F.2d at 47. We therefore must review the administrative law judge's opinion to determine whether it was supported by substantial evidence.

In reviewing the administrative law judge's opinion, we keep in mind the meaning of substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly

---

1. Sedentary work is defined in 20 C.F.R. § 404.-1567(a) as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

2. The administrative law judge cited Rule 201.01 as the applicable provision of the grids. Because of Mullen's age, however, the applicable rule should have been Rule 201.09. The result is the same in either case.

3. Light work is defined in 20 C.F.R. § 404.-1567(b) as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."

detracts from its weight." *Beavers v. Secretary of H.E.W.*, 577 F.2d 383, 387 (6th Cir.1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951)).

Based on our review of the record, we conclude that there was substantial evidence to support the administrative law judge's conclusion. Although Mullen's esophagal problems do not appear to be that serious, we believe that the evidence concerning Mullen's back ailments was sufficient for a reasonable person to conclude that Mullen could only perform sedentary work. The medical reports were of the unanimous opinion that Mullen suffered from chronic back pain due to spondilolisthesis. This back pain led Dr. Lars Anderson, one of claimant's treating physicians, to conclude that Mullen was totally disabled as of August 22, 1979. Given the administrative law judge's opportunity to judge the credibility of Mullen's testimony with regard to his pain, *see Kirk*, 667 F.2d at 538, we conclude that sufficient evidence supported the administrative law judge's decision.

The case is therefore remanded to the district court and in turn to the Secretary for the purpose of awarding benefits.