Nelda A. PARKER, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 84–7678.

United States Court of Appeals,
Eleventh Circuit.

June 25, 1985.

James A. Turner, Turner, Turner & Turner, Tuscaloosa, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Mary P. Thornton, Mark E. Tippins, Birmingham, Ala., for defendant-appellee.

Before FAY and ANDERSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

Nelda Parker, a fifty-two year old former nurse, challenges the district court's ruling upholding the final decision of the Secretary denying her claim for social security disability benefits. The decision of the Appeals Council, which is in effect the final decision of the Secretary, reversed the decision of the administrative law judge (ALJ) that Parker is entitled to benefits. We reverse.

Mrs. Parker was trained as a Licensed Practical Nurse and was employed in a doctor's office as a nurse, bookkeeper, and general office worker. She held this job for nineteen and a half years. During the last three years of her employment, Mrs. Parker's health began to decline and she was only able to work part time. In March, 1983, Mrs. Parker was forced to retire altogether. She has not worked since.

After considering all the evidence at the administrative hearing, the ALJ concluded that the claimant was suffering from hypertensive cardiovascular disease, fibromuscular dysplasia, and exogenous obesity. Consequently, the ALJ ruled that Mrs. Parker was disabled and entitled to benefits.

The Appeals Council reviewed the decision of the ALJ on its own motion, pursuant to 20 C.F.R. §§ 404.969 and 404.970, and reversed.[1] Contrary to the findings of the ALJ, the Appeals Council concluded that Mrs. Parker's only impairment was non-severe hypertension and that she therefore was not under "disability" as defined in the Social Security Act.

■ The dispositive issue on appeal is one of first impression in this circuit and pertains to the scope of review to be applied by this court. The Secretary argues that the decision of the Appeals Council is in effect the final determination of the Secretary, and that if there is substantial evidence to support the Appeals Council's decision, we must affirm. The claimant, on the other hand, contends that there was substantial evidence to support the finding of disability by the ALJ and that the Appeals Council committed an error of law in concluding otherwise. According to claimant, the district court and the Appeals Council must therefore be reversed.

While this is the first time this question has arisen in this circuit, both the Secretary and the claimant have directed us to cases from other circuits which support their respective positions. Clearly there is a split of authority between the Fourth and Sixth Circuit regarding the appropriate standard of review in such cases.

---

* Honorable Floyd R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. Section 404.969 of 20 C.F.R. provides as follows:

   § 404.969 Appeals Council initiates review.
   Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address. .
   The pertinent portions of section 404.970 are set forth in the text of this opinion.

In *Parris v. Heckler*, 733 F.2d 324 (4th Cir.1984), the Fourth Circuit held that the decision of the Appeals Council must be upheld if supported by substantial evidence even if that conclusion differs from that of the ALJ. The Sixth Circuit, however, in *Newsome v. Secretary of Health and Human Services*, 753 F.2d 44, 46 (6th Cir. 1985), rejected *Parris* and held that where the Appeals Council reverses the ALJ's finding of disability, the Court of Appeals' function is to determine whether the Appeals Council was correct in concluding that the decision of the ALJ was unsupported by substantial evidence. After careful consideration, and for the reasons which follow, we adopt the standard of review advocated by the claimant in the instant case and employed by the Sixth Circuit in *Newsome.*

It is clear "that the Appeals Council does not have unbridled discretion to reverse the determinations made by the administrative law judge." *Newsome*, 753 F.2d at 46. Section 404.970(a) of 20 C.F.R. states:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

20 C.F.R. § 404.970(a). "Unless one of these four grounds is present, the Appeals Council has no authority to review the decision of the administrative law judge." *Newsome*, 753 F.2d at 46 (*citing Parris*, 733 F.2d at 325). In the instant case, as in *Newsome*, the Appeals Council undertook

review of Mrs. Parker's case because it believed that the ALJ's decision granting benefits was not supported by substantial evidence. As noted by the Sixth Circuit in *Newsome*, "[t]he courts have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Newsome*, 753 F.2d at 46 (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). The Sixth Circuit further noted, and we agree, that there is nothing to indicate that a different definition of "substantial evidence" was intended by the Secretary in 20 C.F.R. § 404.970(a)(3). *Newsome*, 753 F.2d at 46 (*citing Parris*, 733 F.2d at 326).

In *Newsome*, the Sixth Circuit reasoned as follows:

Section 404.970(a)(3) does not state that the Appeals Council may review any decision as long as it applies the correct standard of review. The section indicates that the Appeals Council may review a decision only if the decision is in fact unsupported by substantial evidence. Therefore, our function on review is to determine whether the Appeals Council was correct in concluding that the decision of the administrative law judge is unsupported by substantial evidence, not whether the Appeals Council purported to apply the correct standard of review.

753 F.2d at 46. We agree that the focus should be on the decision of the ALJ. It is the ALJ, and not the Appeals Council, who has the benefit of observing and determining the credibility of the various witnesses.[2]

■ We therefore hold that when the Appeals Council reverses the decision of the ALJ granting benefits to a claimant, the function of this court is to determine

---

2. The relationship between the ALJ and the Appeals Council can be analogized to that of the federal magistrates and the district courts. The courts have generally held that a district court judge should not enter an order inconsistent with credibility choices made by a magistrate without personally hearing the live testimony of the witnesses whose testimony is determinative.

*See, e.g., Proffitt v. Wainwright*, 685 F.2d 1227, 1237–1246 (11th Cir.1982), *cert. denied*, —— U.S. ——, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983); *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir.1980); *United States v. Bergera*, 512 F.2d 391, 392 (9th Cir.1975). We find the rationale underlying this rule equally applicable to the relationship between the ALJ and the Appeals Council.

whether the Appeals Council correctly concluded that the ALJ's decision was not supported by substantial evidence. If this court finds that the ALJ's decision was supported by substantial evidence, then we will reverse on the grounds that the Appeals Council erred as a matter of law in concluding otherwise.

■ In the instant case, the decision of the ALJ awarding benefits to Mrs. Parker is supported by substantial evidence. The record indicates that claimant is suffering from hypertensive cardiovascular disease, neuritis, exogenous obesity, fibromuscular dysplasia and side effects of prescribed medication. These impairments are amply supported by objective medical evidence as well as the testimony of the claimant, her treating physician, and her former employer, who is also a physician. The ALJ properly considered the cumulative effects of these impairments and concluded that Mrs. Parker was indeed disabled. Because this decision is supported by substantial evidence, the Appeals Council had no authority to review it. *See Newsome,* 753 F.2d at 47. Accordingly, the Appeals Council committed an error of law in reviewing the ALJ's decision, and we therefore reverse.

The district court's decision is hereby REVERSED and the case REMANDED with instructions to remand to the Secretary for an award of benefits.

FLOYD R. GIBSON, Senior Circuit Judge, dissenting.

I respectfully dissent. First, I am persuaded by the Secretary's position that the Appeals Council has the authority to take own-motion review of the ALJ's decision. We should defer to an agency's interpretation of its own regulations if it is reasonable. *E.I. DuPont de Nemours Co. v. Collins,* 432 U.S. 46, 54–55, 97 S.Ct. 2229, 2234, 53 L.Ed.2d 100 (1977). The Secretary's interpretation, that 20 C.F.R. 404.969 provides for discretionary Appeals Council review within 60 days of an ALJ's decision, whereas 20 C.F.R. 404.970(a) mandates review of ALJ decisions falling within one of the four specified categories, is a reasonable one.

Second, by following the Sixth Circuit's reasoning in *Newsome,* that the appeals court should determine whether the ALJ's decision was supported by substantial evidence, the majority makes the ALJ the final authority in the administrative process. The Secretary, however, makes final decisions in disability cases through the Appeals Council. Under the terms of the Social Security Act, only these final decisions are subject to judicial review.

The Eighth Circuit has addressed the issue presented in this case and has taken the position that the Appeals Council may take own-motion review of any case within 60 days of an ALJ's decision, even a case that does not fall clearly within one of the four categories in § 404.970(a). *Baker v. Heckler,* 730 F.2d 1147 (8th Cir.1984) "an administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* at 1150. *See also Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966). Because I conclude that *Baker* was correctly decided, I would affirm the decision of the district court.