Harvey B. RAZEY, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 85–3639.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1985.

Decided April 1, 1986.

Robert P. Stephens, Spokane, Wash., for plaintiff-appellant.

Richard Wetmore, Seattle, Wash., for defendant-appellee.

Before GOODWIN, ALARCON, and POOLE, Circuit Judges.

GOODWIN, Circuit Judge:

After receiving a favorable decision from an administrative law judge upon his claim for disability benefits, Harvey B. Razey was notified by the Appeals Council of the Social Security Administration that his claim had been reviewed and denied pursuant to 20 C.F.R. §§ 404.969 and 404.970 (1985). He appealed to the district court and now appeals its grant of summary judgment in favor of the Secretary. We affirm.

I. *The Appeals Council's Authority to Review the Case.*

Razey's principal argument is that the Appeals Council lacked the authority to review the ALJ's grant of disability benefits to him. He argues that 20 C.F.R. § 404.970(a) (1985), which sets forth four grounds upon which the Appeals Council "will review" an ALJ's decision, limits the authority of the Appeals Council to initiate *sua sponte* review of an ALJ's decision to cases falling within one of those four categories.[1] The circuits do not agree on the exclusivity of § 404.970(a). *Compare Lopez-Cardona v. Secretary of Health and Human Services,* 747 F.2d 1081 (1st Cir. 1984) *and Baker v. Heckler,* 730 F.2d 1147 (8th Cir.1984) *with Scott v. Heckler,* 768 F.2d 172 (7th Cir.1985) *and Newsome v.*

---

1. Section 404.970(a) reads as follows:

   **§ 404.970  Cases the Appeals Council will review.**

   (a) The Appeals Council will review a case if—

   (1) There appears to be an abuse of discretion by the administrative law judge;

   (2) There is an error of law;

   (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

   (4) There is a broad policy or procedural issue that may affect the general public interest.

*Secretary of Health and Human Services,* 753 F.2d 44 (6th Cir.1985). At issue is the tension between § 404.970(a) and 20 C.F.R. § 404.969 (1985).[2] Although § 404.970(a) standing alone may be read to limit the Appeals Council's review powers to the listed categories, § 404.969 appears to afford the Council complete discretion in selecting cases for review. This court, in *Taylor v. Heckler,* 765 F.2d 872, 874–75 (9th Cir. 1985), refused to read § 404.970(a) as exclusive.

In *Lopez-Cardona v. Secretary of Health and Human Services,* 747 F.2d 1081 (1st Cir.1984), the First Circuit rejected the argument now asserted by Razey. In that case, the Appeals Council, relying upon § 404.970(a)(3), reviewed *sua sponte* an ALJ's grant of disability benefits on the grounds that it was unsupported by substantial evidence. The court found that although the ALJ's decision was supported by substantial evidence, the Appeals Council did not violate the Secretary's regulation by reviewing the case. 747 F.2d at 1083. It reasoned:

> Generally, in an intra-agency appeal, the agency has all the powers it would have had in making the initial decision unless it limits the issues by notice or regulation. *See* 3 Davis Administrative Law Treatise § 14:19 (1980). Clearer language is needed before we would find an agency meant to give up its powers.... Hence, even though the ALJ's decision was supported by substantial evidence, the Appeals Council did not violate its regulations by initiating review.

*Id.*

■ The Secretary's intention as to the relationship between §§ 404.969 and 404.-970(a) is unclear. Although § 404.970(a) could reasonably be read to limit the Council's discretion to engage in *sua sponte* review, it could also be read as providing notice of those cases in which the Council will exercise its power under § 404.969.

This circuit in *Taylor v. Heckler* read § 404.970(a) to mandate review in those cases falling within its provisions, and read § 404.969 to authorize review of all ALJ disability decisions. 765 F.2d at 874–75. The Secretary's interpretation of the regulations at issue is consistent with that of *Taylor.* Although her brief in this case did not address the tension between §§ 404.969 and 404.970(a), she has argued in other cases that the Appeals Council's discretion to act under § 404.969 is not limited by § 404.970(a). *See, e.g., Scott v. Heckler,* 768 F.2d 172, 178–79 (7th Cir.1985). We generally defer to an administrator's interpretation of her own regulations unless it is "plainly erroneous or inconsistent with the regulation." 2 K.C. Davis, *Administrative Law Treatise* § 7:22 at 105–06 (2d ed.1979). Although these regulations are subject to several interpretations, the Secretary's reading of them is not plainly erroneous.

■ Congress has afforded the Secretary broad discretion in this area. *See* 42 U.S.C. § 405(a)(1982). Like the First Circuit, we decline to read her regulations as limiting her statutory discretion in the absence of a clearer indication of an intention to do so.

The Eighth Circuit, in deciding that § 404.970(a) does not limit the Appeals Council's discretion to act under § 404.969, looked to the practical effect of reading § 404.970(a) as exclusive. *See Baker v. Heckler,* 730 F.2d 1147 (8th Cir.1984). It reasoned that because the Appeals Council cannot know prior to conducting its review whether or not an ALJ's decision was supported by substantial evidence, review pursuant to § 404.970(a)(3) would have to be terminated if the decision was in fact so supported. The court stated, "[t]he question of power to review must, as a practical matter, be addressed and decided at a preliminary stage, not after the review is com-

---

2. Section 404.969 reads as follows:

**§ 404.969 Appeals Council initiates review.**
Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action

that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

pleted, at a time when a negative answer to the question would render the whole review process nugatory." 730 F.2d at 1150.

We find this reasoning to be persuasive. Leaving the question of reviewability open until the substantial evidence question has been resolved cuts against treating § 404.970(a) as limiting the Appeals Council's discretion. Both the Secretary and the applicant have an interest in knowing before the review process begins which cases are in fact subject to *sua sponte* review.

Other circuits have rejected the *Lopez-Cardona* and *Baker* reasoning. Razey relies primarily upon *Newsome v. Secretary of Health and Human Services,* 753 F.2d 44 (6th Cir.1985), and *Parris v. Heckler,* 733 F.2d 324 (4th Cir.1984). *Newsome* addressed the issue of the standard of review to be applied by the court in reviewing a Council's reversal pursuant to § 404.970(a) of an ALJ's grant of benefits. The court held that it was the decision of the ALJ and not that of the Appeals Council that it should subject to a substantial evidence review. Without addressing the issue of the relationship between §§ 404.969 and 404.970(a), it read § 404.970(a) as limiting the Secretary's power to review the decisions of the administration's initial factfinder. *See also Parker v. Heckler,* 763 F.2d 1363 (11th Cir.1985) (following *Newsome* with one judge dissenting on the grounds that *Baker* states the better-reasoned approach), *reh'g granted and opinion vacated,* 774 F.2d 428 (11th Cir.1985). *Parris* also reads § 404.970(a) to limit the Appeals Council's discretion to initiate *sua sponte* review. The *Parris* court refused, however, to review the ALJ's decision, reading § 404.970(a)(3) to require only that the Appeals Council apply the substantial evidence standard of review to the ALJ's decision. 733 F.2d at 326.

The Seventh Circuit, agreeing with the *Newsome* conclusion that § 404.970(a) limits the Appeals Council's *sua sponte* review power, rejected the Secretary's argument that although the Council had invoked § 404.970(a)(3), its decision to review was proper under § 404.969. *Scott v. Heckler,* 768 F.2d 172, 178–79 (7th Cir.1985). It relied upon the notion that administrative agencies are bound to follow their own regulations. *Id.*

We find the *Newsome, Parris,* and *Scott* cases unpersuasive because they fail to address the threshold issue of the meaning of the Secretary's regulations. To find that the Secretary has violated her own regulations would require us to treat § 404.970(a) as limiting her statutorily mandated discretion. Further, under 42 U.S.C. § 405(g)(1982), we review the final decision of the Secretary. She has designated the Appeals Council's decision as final. *See* 20 C.F.R. § 404.981 (1985). *Newsome* and *Parker* ignore this designation and review the ALJ's decision for substantial evidence. Because we decline to read the regulations as limiting the Secretary's discretion to structure the disability determination process, we reject the Fourth, Sixth and Seventh Circuits' analyses.[3]

Because of our reluctance to limit the intra-agency appeal process absent an indication that the Secretary intended to limit internal review, the deference to which the Secretary is entitled in reading her own regulations, and the illogic of making reviewability turn upon the merits of the ALJ's decision, we hold that the Appeals Council's discretion under § 404.969 to initiate review of an ALJ's disability determination is not limited by § 404.970(a).

## II. *The Appeals Council's Decision.*

The Appeals Council's denial of benefits constitutes a factual determination which

---

**3.** Neither *Newsome* nor *Scott* have gone unquestioned by subsequent panels of their respective circuits. *Newsome* has been treated as inconsistent with prior Sixth Circuit case law in *Townsend v. Secretary of Health and Human Services,* 762 F.2d 40, 43 (6th Cir.1985), and *Shepherd v. Secretary of Health and Human*

*Services,* 758 F.2d 196, 198 (6th Cir.1985). In a case decided after *Scott,* a Seventh Circuit panel stated that when acting pursuant to § 404.969, the Appeals Council has the power to review a benefit grant on its own motion. *DeLong v. Heckler,* 771 F.2d 266, 268 (7th Cir.1985).

we review under the substantial evidence standard. 42 U.S.C. § 405(g)(1982). Evidence is substantial when a reasonable person might accept it as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1375 (9th Cir.1979). It is more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. at 401, 91 S.Ct. at 1427. Reviewing the record as a whole, we find that the Council's decision was supported by substantial evidence.

■ The ALJ and the Appeals Council agreed that Razey's exertional limitations would not preclude him from engaging in sedentary work. The Appeals Council also found that Razey was incapable of doing any past relevant work. Thus, the burden was on the Secretary to show that he was not disabled. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984). The ALJ and the Appeals Council reached differing conclusions only on Razey's claim of nonexertional limitations.

■ Razey argues that under *Beecher v. Heckler*, 756 F.2d 693 (9th Cir.1985), the Appeals Council failed to take proper account of his claimed nonexertional limitations. *Beecher* held that medical reports which consider only the claimant's physical complaints cannot constitute substantial evidence for a finding that the claimant was able to perform sedentary work when the claimant is found to have suffered from both physical and psychological impairments. *Id.* at 694. Because the only witness who addressed Beecher's psychological condition supported her claim, the evidence in the record favoring her was deemed undisputed. *Beecher* is thus irrelevant to this case because the evidence regarding Razey's nonexertional limitations was considered by both the ALJ and the Council. At issue here is merely the interpretation of that evidence.

The conflicting decisions reached by the ALJ and the Council stemmed not from conflicting psychiatric evidence, but from differing assessments of the extent to which Razey's diagnosed "generalized anxiety disorder" prevented him from engaging in the work that he was physically able to do. While Razey alleges that his hip pain causes him considerable discomfort, he does not take medication of any kind. He cooks for himself, fishes frequently and visits with friends. Although Razey contends that he suffered a reduced pain threshold because of his psychiatric disorder, the psychiatrists reported only that this "may" have occurred. The Council apparently found these assertions insufficient to show that Razey's nonexertional limitations rendered him disabled. Reviewing the record as a whole, we cannot say that this determination was unsupported by substantial evidence.

III. *The Use of Appendix 2 Medical-Vocational Guidelines.*

■ The Secretary has developed a series of tables known as "grids" for use in determining disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1985). The grids take account of various vocational factors, such as age, education and work experience, and the claimant's residual functional capacity. *Id.* at § 200.00(a). Razey contends that because he claims nonexertional limitations, the Secretary should not have applied the grids in his case. He argues that a vocational expert witness was required for the Secretary to meet her burden of showing disability. The regulations do not, however, preclude the use of the grids when a nonexertional limitation is alleged. They explicitly provide for the evaluation of claimants asserting both exertional and nonexertional limitations. *Id.* at § 200.00(e). The Appeals Council found that the claimed nonexertional limitations did not so affect Razey's residual capacity that the use of the grids was inappropriate. Both the Secretary's regulation and our decision in *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir.1983), allow the use of the grids under these circumstances.

IV. *The Credibility Issue.*

■ Lastly, Razey contends that the Appeals Council rejected the ALJ's finding

that he was a credible witness without explicitly stating its reasons for doing so. He argues that *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383 (6th Cir.1978), required the Council to explain its rejection of an ALJ's credibility finding. This circuit recently adopted the *Beavers* rule. *See Howard v. Heckler,* 782 F.2d 1484, 1487 (9th Cir.1986). We find, however, that because the Council did not even implicitly reject the ALJ's credibility finding, it did not violate the *Beavers* requirement.

The Council reversed the ALJ's decision because it interpreted the evidence differently, not because it disbelieved Razey's testimony. It found that given the type of psychiatric impairment alleged, and the testimony regarding Razey's daily activities, he was capable of performing sedentary work. This finding does not necessarily call Razey's credibility into question. His testimony as to his pain could be perfectly truthful and the Council could still find that he was not disabled. Razey's argument on this issue is thus without merit.

AFFIRMED.