870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Monroe ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5615.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Monroe Robinson applied for social security disability benefits in August 1981 as a consequence of a back injury, pneumoconiosis, and a stomach ulcer. At a hearing before an administrative law judge (ALJ), he was awarded benefits, but the Appeals Council reversed upon a review of that decision. Robinson has subsequently pursued two more ALJ hearings, Appeals Council decisions, and another remand before finally being found not entitled to benefits by the district court. Robinson claims both that the first reversal of his entitlement to benefits by the Appeals Council was error and that the final administrative determination that jobs existed in the economy which he could perform was not supported by substantial evidence. Our deference is to the ultimate finding of fact by the Secretary (through the Appeals Council) and we conclude that this final decision was supported by substantial evidence.
 
 
 2
 The procedural history is complicated. As indicated, Robinson was awarded by an ALJ disability benefits in 1981. The Appeals Council reversed on the basis that substantial evidence did not support the ALJ's conclusion that Robinson was unable to engage in sedentary work. An administrative record was lost in the process and the Appeals Council remanded the case to another ALJ for a new hearing.
 
 
 3
 On January 30, 1985, a second hearing was held and resulted in a finding by the ALJ of no disability. The Appeals Council adopted the findings of the ALJ. Robinson appealed to the district court which remanded the case to the Secretary for vocational testimony. On April 22, 1987, a supplemental administrative hearing was held, including vocational testimony. Once again benefits were denied. The Appeals Council adopted the ALJ's findings, and the district court finally affirmed the Council's decision. This appeal ensued.
 
 
 4
 The medical evidence is thoroughly discussed and considered in the decision of ALJ Dores D. McDonnell, Sr. (Joint Appendix at 15-24) and is briefly summarized below.
 
 
 5
 Robinson has a history of low back problems beginning in 1978. Four physicians concluded that Robinson has some degenerative arthritis of the lumbar spine but differed as to the severity of his back condition.
 
 
 6
 The medical evidence also documents a history of a pulmonary condition since August 1981, with simple pneumoconiosis confirmed by radiological studies. Three physicians concluded that Robinson's lung function was not impaired by the condition; two physicians concluded that he was significantly impaired but that the pneumoconiosis could be managed medically; only one physician concluded that Robinson was disabled. In 1977, Robinson was treated for an ulcer, but the medical evidence does not indicate that he has since been suffering from this condition since the treatment. Robinson also has a hiatal hernia.
 
 
 7
 Robinson testified that his daily activities are limited to watching television, walking short distances, and visiting neighbors. He claims that he has difficulty sitting or standing for more than 30 minutes and must change positions frequently. He claims that his normal day now is "having to get up and down all day to relieve [himself] of comfort in [his] back." Robinson drives occasionally a pick-up truck, and he has smoked almost a pack of cigarettes a day since 1952 despite his later pulmonary difficulties.
 
 
 8
 The controversy in this case involves the Secretary's determination of the fifth step of the grid evaluation--whether, considering the claimant's residual functional capacity, age, education, and past work experience--there are significant numbers of jobs in the economy the claimant is able to perform.[1]
 
 
 9
 On appeal Robinson contends that it was improper for the Appeals Council to overturn the first ALJ determination of disability. Second, and in the alternative, Robinson claims the final decision is not supported by substantial evidence, that there is insufficient evidence that there are a significant jobs in the economy which Robinson could have performed prior to September 1986.[2]
 
 
 10
 Appellant's first argument must fail. He claims that his allegations of pain were substantiated by medical evidence and, therefore, the finding of disabling pain was a credibility determination best suited for the ALJ. Unfortunately, for him, Newsome v. Secretary, HHS, 753 F.2d 44 (6th Cir.1985), the authority he relies upon, was overruled by our en banc decision in Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986).
 
 
 11
 In Mullen, we decided that deference runs to the decision of the Appeals Council, not the ALJ. Id. at 545. We stated that the determination of the ALJ is to be considered in the court's substantial evidence inquiry, but it is not determinative. Id. at 545-46.
 
 
 12
 Although additional proceedings have occurred since the first Appeals Council decision in this case, that first decision passes substantial evidence scrutiny. The Appeals Council rejected the ALJ's finding of disability in a very thorough and extensive opinion. It found that the ALJ's determination that Robinson's pulmonary condition precluded employment in "dusty or fume laden environment[s]," was not supported by substantial evidence because none of "the clinical and laboratory findings of record ... reflect[ed] that [Robinson] is significantly restricted in his pulmonary capacity." The most recent spirometric study before the Appeals Council indicated that Robinson's lung function was unimpaired. The Appeals Council noted Robinson's stomach problems but did not find them significant because his discomfort was relieved by antacids and he had no indication that he was suffering from an ulcer at the pertinent time. Finally, the Appeals Council noted "that although [Robinson] experiences some discomfort in the lumbosacral area, there is no evidence of muscle atrophy, weight loss, nerve damage or disabling loss of motion." Therefore, the first Appeals Council decision was indeed supported by substantial evidence.
 
 
 13
 The second issue on appeal involves the final step in the disability determination, whether significant numbers of sedentary jobs exist in the national economy which would accomodate Robinson's limitations reflected in the record. Our review is limited to determining whether substantial evidence in the record taken as a whole supports the Secretary's findings. 42 U.S.C. Sec. 405(g). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). The jurisdiction of this court is confined to a limited review of the Secretary's decision and of the record made in the administrative hearing process.
 
 
 14
 The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.
 
 
 15
 Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)).
 
 
 16
 In this case the district court remanded the second Appeals Council decision "for further consideration of the extent to which the inability to work in a clean environment [namely his pneumoconiosis] would restrict the number of positions available in the national economy at the sedentary exertional level." At the third ALJ hearing, Robinson testified once again as well as Dr. Dean W. Owen, a vocational expert from Morehead State University.
 
 
 17
 Dr. Owen testified that Robinson acquired certain transferable skills, namely skills associated with machine operation. Considering Robinson's back condition, need to work in a clean environment, and other circumstances, Dr. Owen testified that in the Kentucky economy there were 36,000 small machine operating jobs, 37,500 hand assemblers, 9,200 packing and packager jobs, and 28,900 cashiers jobs. These jobs are classified as light or sedentary and occur in non-dusty environments. If the claimant was limited to sedentary jobs only, those numbers would be reduced by 70%. If claimant's capacity to sit and stand was limited to 30 minutes at a time, the number would be substantially reduced. The ALJ concluded, moreover, that "the only medical support for these claimed limitations is a statement in the report of Dr. King ... that the claimant's statements that intermittent positional changes relieve his back and leg pain. Since this evidence was previously considered and found not to preclude a full range of sedentary exertional activity, I do not find it persuasive."
 
 
 18
 In Duncan v. Secretary, HHS, 801 F.2d 847, 853 (6th Cir.1986), the court created a two part test to verify subjective claims of pain. Under the test "there [must be] evidence of an underlying medical condition. If there is, then we examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition or (2) whether the objectively determined medical condition is of such a severity that it can reasonably be expected to produce the alleged pain." Id. at 853.
 
 
 19
 While the second and third ALJ recommendations do not expressly reject Robinson's contention that he can sit or stand only for 30 minutes at a time and that it takes him five minutes to become comfortable every time he adjusts his position, the third ALJ defers to the second ALJ, who stated: "while the claimant has some back pain related to the severe arthritis, the objective clinical and laboratory evidence does not demonstrate that it is of such a degree that it results in any additional significant limitations in the claimant's ability to perform the requirements of sedentary work activity."
 
 
 20
 We believe that this conclusion is within the "zone of choice" permitted by the evidence. See Mullen, 800 F.2d at 545. Several of the doctors stated their objective determination regarding Robinson's back pain. Robinson drives a standard transmission pick-up truck. His wife does not drive, and therefore, he is required to drive his wife on errands. The ALJ witnessed Robinson during the hearing. Altogether, the ALJ's conclusion appears to be based upon substantial evidence in the record. We are not to substitute our de novo judgment.
 
 
 21
 Because Mullen directs the court's deference to the findings of the Appeals Council and its findings are supported by substantial evidence, we AFFIRM the decision of the district court.
 
 
 
 [1]
 This court has described the five step process as follows:
 The Social Security Administration has promulgated 20 C.F.R. Sec. 416.920, which establishes a sequential process for evaluating a disability claim. Under this five-step sequential evaluation process, the Secretary initially determines whether a claimant currently engages in substantial gainful activity. If so, the claimant does not qualify as disabled. Second, the Secretary examines the severity of the claimant's impairment. If the claimant does not have a severe impairment which significantly limits the claimant's ability to do basic work activities, the claimant cannot qualify as disabled. Third, the Secretary compares the claimant's impairment to the "Listing of Impairments" in 20 C.F.R. Sec. 404, Subpart P, Appendix 1. The Secretary will find the claimant disabled if Appendix 1 lists the claimant's impairment or the claimant's impairment qualifies as the medical equivalent of a listed impairment. Fourth, if the claimant's impairment does not meet or equal a listed impairment, the Secretary next determines whether the claimant can perform the claimant's past work. If so, the claimant does not qualify as disabled. Finally, if the claimant cannot perform past work, the Secretary considers the claimant's residual functional capacity and the transferability of any skills the claimant may possess to determine whether the claimant qualifies as disabled.
 Salmi v. Secretary, HHS, 774 F.2d 685, 687-88 (6th Cir.1985).
 
 
 [2]
 In September 1986, Robinson turned 50 and qualified for benefits under Rule 201.09. See Joint Appendix at 223