139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James HILL, Plaintiff-Appellant,
v.
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,
Defendant-Appellee.
 No. 97-35512.
D.C. No. CV-96-01619-HJF.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon Helen J. Frye, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Hill appeals the district court's order affirming the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for substantial evidence, see Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996), and we affirm.
 
 
 3
 Hill contends that substantial evidence did not support the Appeals Council's determination that he was not entitled to disability insurance benefits. This contention lacks merit.
 
 
 4
 Where the evidence is susceptible of more than one rational interpretation, we must uphold the interpretation reached by the Appeals Council. See Razey v. Heckler, 785 F.2d 1426, 1430, as amended by, 794 F.2d 1348 (9th Cir.1986); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). Here, the Appeals Council determined that the record did not support the ALJ's finding that the onset of Hill's disability occurred in 1983 while Hill was insured. Because medical evidence of the onset of Hill's disability was not definite, the ALJ correctly consulted a medical adviser in order to develop the record and draw inferences as to the onset date. See Morgan v. Sullivan, 945 F.2d 1079, 1082 (9th Cir.1991) (referring to Social Security Rule 83-20). Although the Appeals Council and the ALJ interpreted the medical adviser's testimony differently, the testimony was susceptible of the interpretation, given it by the Appeals Council, that Hill was not disabled in 1983. See Razey, 785 F.2d at 1430. In drawing this inference, the Appeals Council considered the record as a whole including supplemental evidence submitted by Hill. See 20 C.F.R. § 404.976(b). Accordingly, substantial evidence supported the Appeals Council's conclusion that Hill was not entitled to disability insurance benefits. See Razey, 785 F.2d at 1430.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3