875 F.2d 869
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel E. WALTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1787.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Samuel E. Walton (claimant) appeals the order of the District Court affirming the Secretary's denial of Social Security disability benefits. See 42 U.S.C. Sec. 405(g) (1982). Claimant argues that the District Court erred in granting the Secretary's motion to alter the judgment under Rule 59(e) thus reversing the court's original decision in claimant's favor. Claimant also asserts that the Secretary's decision denying his application for benefits is not supported by substantial evidence. Because we find the Secretary's decision supported by substantial evidence on the record as a whole, we affirm.
 
 
 2
 Claimant was 41 years old at the time of his hearing before an ALJ on October 22, 1986. Claimant's work history includes jobs as a general laborer and shaker machine operator, a caretaker, and baggage handler. This work is classified as unskilled and heavy to semi-skilled and medium to heavy. Claimant met the disability insured status requirements on October 19, 1988, the date claimant stated he became unable to work.
 
 
 3
 Claimant was injured in a fall on October 12, 1984. He was first examined by his attending physician, Arthur I. Bouier, D.O., one year later on November 15, 1985. Dr. Bouier's x-rays disclosed spinal infirmities including partial lumbarization, increased sclerosis, osteophytic lipping, and spondylolisthesis. On April 26, 1986, Dr. Bouier reported decreased range of motion in claimant's right leg, decreased sensory findings in the left leg, decreased motor reflexes and deep tendon reflexes, paravertebral muscle spasm, and inability to walk on the heels and toes.
 
 
 4
 James E. Beale, Jr., M.D., an orthopedic surgeon, examined the claimant on February 26, 1986. Claimant was severely obese. X-rays revealed spondylolisthesis with slippage, marked spinal disc space narrowing with osteophytes and anterior hypertrophic spurring. Dr. Beale found claimant could walk on his heels but had difficulty with toe walking because claimant was unable to bear his full weight on his right leg. Dr. Beale opined that claimant not return to work "pending further evaluation."
 
 
 5
 Claimant was also examined by Mark K. Rottenberg, M.D., a board-certified specialist in physical medicine and rehabilitation, on July 1, 1986, at the request of claimant's attorney. Dr. Rottenberg's examination confirmed claimant's prior spinal troubles, and he opined that claimant would benefit from non-surgical pain management including out-patient physical therapy. At a worker's compensation deposition on September 25, 1986, Dr. Rottenberg stated that the claimant's orthopedic impairments were capable of causing pain. Dr. Rottenberg speculated that if a rehabilitation program were successful claimant could lift up to 25 pounds and perform bending or twisting movements if he wore some kind of a protective back support. He also observed that claimant tended to use a cane in his right hand whereas use in his left hand was warranted to relieve right leg pain such as claimant's.
 
 
 6
 At the hearing before the ALJ, claimant testified that he could stand for up to 15 minutes, sit for 20 minutes, walk for 20 minutes, and lift up to 10 pounds. Claimant also stated, however, that any lifting, riding, or standing causes him back pain. Claimant further stated that he engages, to a limited extent, in certain activities around the house such as cutting part of the lawn, helping with the dishes, and shopping. Claimant takes numerous medications including Percodan, Motrin, and Phenylbuolazine.
 
 
 7
 After examining claimant's medical history and his testimony, the ALJ found claimant not disabled. Although the ALJ agreed that the medical evidence established a severe impairment, low back pain with spondylolisthesis, and lumbosacral disease, the ALJ found the claimant's allegations of severe and disabling pain clearly unsupported by the objective clinical evidence. While the objective evidence suggested orthopedic impairments capable of producing some pain, other findings were normal. The ALJ found claimant's credibility reduced by his use of a cane in the wrong hand and his inability or unwillingness to follow his doctor's advice to lose weight. Based upon the testimony of a vocational expert and regulatory guidelines, the ALJ found that claimant retained residual functional capacity to perform light or sedentary work with a sit/stand option. Thus, the ALJ found claimant not disabled. Both the Appeals Council and the United States Magistrate agreed.
 
 
 8
 The District Court initially rejected the Magistrate's report and granted claimant's motion for summary judgment. The District Court rejected the ALJ's basis for doubting plaintiff's subjective complaints of pain. It stated that evidence of claimant's improper use of his cane "should not be considered as part of the substantial evidence on which the ALJ's determination is based" because the court believed this evidence did not address credibility and showed nothing more than that claimant may never have been instructed on proper use of the cane. The District Judge similarly rejected, as a basis for undermining claimant's allegation of disabling pain, claimant's failure to lose weight because it was not shown that claimant's doctor's recommendations to lose weight were a course of treatment, and, furthermore, that failure to lose weight as a treatment for obesity does not, per se, preclude a finding of disability. Lastly, the District Court found the ALJ's remaining findings insufficient to cast doubt upon claimant's subjective complaints of pain. The Secretary, however, moved to alter or amend the judgment.
 
 
 9
 The District Court granted the Secretary's motion. The District Court noted the inappropriateness of weighing conflicting evidence and the court's proper role in evaluating whether the evidence supporting the Secretary's decision "would lead a reasonable person to conclude that plaintiff was not disabled." The court then found substantial evidence supported the Secretary's credibility determination based upon the absence of medical evidence to confirm the severity of claimant's pain. The District Court dismissed claimant's complaint.
 
 
 10
 Our review of the Secretary's findings is limited to an examination into whether they are supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1982). Evidence is substantial if a reasonable mind might accept it as adequate to support a conclusion. Duncan v. Secretary of HHS, 801 F.2d 847, 851 (6th Cir.1986). We must defer to a decision by the Secretary, if supported by substantial evidence, without regard to what we might ourselves decide in the first instance. Substantial-evidence review " 'allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.' " Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)).
 
 
 11
 Claimant must establish his claim of disability by objective medical evidence. Duncan, 801 F.2d at 847.[1] In Duncan, the court examined the Secretary's regulations which, like the 1984 statute, provide that subjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability. See 20 C.F.R. Secs. 404.1529 & 416.929 (1988). The court articulated a two-prong analysis for evaluation of subjective symptomatology. Under Duncan a claimant must first present objective medical evidence of an underlying medical condition. If such a condition is established the court must examine (1) whether the medical evidence confirms the severity of the alleged pain; or (2) whether the medical condition is of such a severe nature that it would be expected to produce the allegedly disabling pain. Id. at 853.
 
 
 12
 In the case sub judice, claimant met the first prong of the Duncan standard when he presented unrebutted medical evidence of an underlying condition, i.e., spondylolisthesis and lumbosacral disease with degenerative changes. The Secretary specifically found, however, that claimant's subjective complaints of pain were not warranted based upon the objective medical evidence and were not fully credible. This is essentially a finding that claimant failed to satisfy the second prong of the Duncan test. We agree that substantial evidence supports the Secretary's conclusion.
 
 
 13
 With respect to the alternative tests which form Duncan's second prong, the objective medical evidence is, at best, mixed. X-rays and CT scan results establish the existence of pain-producing orthopedic impairments. Additionally, claimant's doctor noticed decreased flexibility and difficulty in walking. Other tests, however, yielded normal results. An electromylogram was negative. Dr. Rottenberg found that motor, sensory, and reflex findings were unremarkable and that claimant suffered no muscle atrophy or weakness in the lower extremities. Thus, the objective medical evidence fails to confirm the severity of claimant's pain.
 
 
 14
 Furthermore, none of claimant's physicians diagnosed claimant as having disabling pain. Dr. Bouier, claimant's treating physician, failed to mention that claimant had pain. Dr. Beale did not characterize claimant's pain as disabling and stated that the pain was relieved by medication and temporary hot soaks. Although Dr. Rottenberg stated that claimant's impairments could cause pain, he did not confirm claimant's allegations of disabling pain.
 
 
 15
 The Secretary also based his determination upon an assessment of claimant's credibility. Since pain tolerance is a highly individualized matter, a fact-finder's determination of whether a claimant is suffering from disabling pain, a decision which depends largely upon credibility, is entitled to particular deference. Villarreal v. Secretary of HHS, 818 F.2d 461, 463 (6th Cir.1987). Several factors weigh in favor of the Secretary's credibility determination. First, references to disabling or severe pain in claimant's medical history are scarce. Second, claimant himself testified that he took care of his personal needs, cut part of his grass, went shopping, helped with the dishes, and visited friends and relatives. Third, although claimant told Dr. Rottenberg of claimant's need to use a cane, on the day of Rottenberg's examination, claimant used an umbrella instead of a cane and held the umbrella in the wrong hand.[2] Last, the ALJ remarked that it did not enhance claimant's credibility that he had failed to heed advice to lose weight in the face of functional limitations exacerbated by obesity.[3]
 
 
 16
 Since the medical evidence supports a finding that claimant has failed to satisfy the second prong of the Duncan standard, we conclude that the Secretary's determination of nondisability is supported by substantial evidence.[4]
 
 
 17
 Accordingly, the Secretary's decision is AFFIRMED.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In McCormick v. Secretary of HHS, 861 F.2d 998, 1003 (6th Cir.1988), this Circuit has recently decided to continue to apply the Duncan analysis to cases decided after the sunset of the Social Security Disability Reform Act of 1984
 
 
 [2]
 The District Court initially observed that claimant's improper usage of his cane might show nothing more than lack of instruction on cane usage. While we agree with this statement, we also note that it was equally rational and permissible for the ALJ to infer from this incident that claimant's "need" for a cane was not credible, since he used something much less stable than a cane which itself was less effective because he used it in the wrong hand
 
 
 [3]
 Although a claimant's inability or refusal to lose weight does not, per se, preclude a finding of disability, see Johnson v. Secretary of HHS, 794 F.2d 1106, 1113 (6th Cir.1986), the ALJ could believe that claimant's refusal to lose weight despite the aggravation obesity caused his condition, indicated that perhaps his condition was not as painful as claimant alleged
 
 
 [4]
 Claimant bases his challenge to the District Court's decision to alter its judgment solely upon claimant's belief that the court's first decision was the better one. Because we find substantial evidence to support the Secretary's decision, we need not address claimant's argument