878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorence CRONK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1887.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1989.
 
 Before RALPH B. GUY and RYAN, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Claimant, Lorence Cronk, appeals from a district court judgment affirming the Secretary's decision to deny social security disability benefits. Claimant maintains that he is permanently disabled and unable to perform his past relevant work, and that the Secretary's decision to the contrary is not supported by substantial evidence. Because we find that there was substantial evidence to support the Secretary's decision, we affirm.
 
 I.
 
 2
 Cronk asserts that he has been disabled since he stopped working in July 1983. He had worked since 1963 at the Shatterproof Glass Company in Detroit holding a number of positions including foreman. Cronk's initial application for benefits was denied, with a subsequent 1985 hearing before an administrative law judge (ALJ) also resulting in a denial of Cronk's claim. However, the Appeals Council remanded the case for reconsideration under the Disability Reform Act of 1984.
 
 
 3
 At the time of this second administrative hearing, Cronk was a fifty-six year old male with an eighth grade education. At the hearing, the ALJ considered the medical reports of eight different doctors, as well as the testimony of a vocational expert and of claimant himself.
 
 
 4
 Upon consideration of this evidence, the ALJ concluded that Cronk does have severe impairments. Cronk suffers from spondylolisthesis, degenerative joint disease, diabetes mellitus with peripheral neuropathy, bilateral carpal tunnel syndrome, cardiac arrhythmia, and slight depression. However, some of these problems were found to be controllable with medication. The ALJ also determined that when all of the medical problems were considered together, they were not disabling. The ALJ found Cronk capable of performing his past relevant work and denied benefits. The district court, adopting the recommendations of a magistrate, affirmed this decision. On appeal, Cronk argues that the ALJ's position is supportable only if crucial evidence is disregarded. Specifically, Cronk argues that the ALJ erred in refusing to credit the findings of a treating physician who found Cronk to be permanently disabled, in giving insufficient weight to Cronk's testimony of debilitating pain, in ignoring evidence relating to claimant's mental condition, and in not requiring proof that jobs suitable for one with Cronk's limitations exist in the local economy.
 
 II.
 
 5
 While he points to a number of specific alleged errors, claimant's primary contention on appeal is that substantial evidence does not support the ALJ's decision. In considering such a claim, this court has adopted a highly deferential standard of review:
 
 
 6
 The substantial-evidence standard allows considerable latitude to administrative decisionmakers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.
 
 
 7
 Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)).
 
 
 8
 In reaching his conclusion, the ALJ correctly followed the sequential steps prescribed by 20 C.F.R. Sec. 404.1520. The first three steps generate no dispute between the parties, as both agree the ALJ correctly found that the claimant has not been employed since the asserted date of disability, that his infirmities do qualify as a severe impairment, but that the claimant's impairments do not meet those listed in Appendix 1 of Subpart P of the Part 404 Regulations. 20 C.F.R. Sec. 404.1520(d). The dispute in the present case centers upon the ALJ's finding, as step four in the sequential analysis, that Cronk is capable of performing his past relevant work.
 
 
 9
 In reaching this conclusion, the ALJ considered the extensive medical evidence presented in this case. The ALJ found that claimant's heart and diabetes problems, while serious, are capable of being controlled with medication. In one report, examining physician Dr. Lele recognized Cronk's spondylolisthesis, recommended avoidance of stooping and lifting, but found Cronk to have a full, or nearly full, range of motion in all joints, normal grip, thigh and motor strength, and acceptable reflexes. Similarly, the reports of Dr. Loreti, Gordon, and Morton also suggested that Cronk's reflexes, range of motion, coordination, and leg strength are not significantly diminished. Although psychiatric examinations suggested that Cronk suffers from a depressive disorder, this condition was found to be mild and not to significantly impair Cronk's ability to think rationally and to maintain contact with reality. Finally, there was additional evidence from Cronk's own testimony to support the finding that Cronk retains the ability to perform light work that does not require a great deal of lifting or manual dexterity. The ALJ determined that Cronk's past work as a foreman fell within the category of work Cronk is capable of performing.
 
 
 10
 In contesting this conclusion, Cronk first argues that the ALJ erred in refusing to credit the reports of Dr. Morton, who expressly stated that claimant was permanently disabled, and of Dr. Lele, who stated that Cronk should limit himself to sedentary work. However, an ALJ is not bound by the conclusory statements as to ultimate facts made by physicians. Garner v. Heckler, 745 F.2d 383, 391 (6th Cir.1984). It is the ALJ's duty to independently weigh all medical evidence. When a physician's opinion appears not to be based on comprehensive medical findings and is inconsistent with other evidence, it is entitled to little deference. Here, Dr. Morton's conclusion is not based on any persuasive medical evidence and is in conflict with other physicians' reports. The ALJ did consider Dr. Lele's suggestion that Cronk avoid stooping and lifting, but determined that Cronk nonetheless retains the ability to perform his past relevant work. There is sufficient reliable medical evidence contrary to the conclusions of Drs. Morton and Lele to allow the ALJ to reject their conclusions.
 
 
 11
 Cronk next argues that the ALJ disregarded Cronk's uncontroverted testimony of disabling pain. At various places in his testimony, Cronk claimed to have extreme difficulty walking, to suffer from an extreme lack of coordination, to have a fear of even small crowds, and to suffer from extreme pain in the joints and extremities. The ALJ was not required to fully credit these subjective complaints. We recognize subjective complaints of pain only when there is evidence of an underlying medical condition and either clinical evidence confirming the severity of the alleged pain, or a reasonable expectation that the underlying medical condition would give rise to the alleged pain. Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986), approved for post-1986 decisions in McCormick v. Secretary of Health & Human Services, 861 F.2d 998 (6th Cir.1988). Here, there was no medical support for the severity of Cronk's alleged pain. Additionally, Cronk's testimony was often inconsistent and contradictory, with some testimony suggesting that Cronk's pain was not extreme. The ALJ is charged with making credibility determinations, Gooch v. Secretary of Health & Human Services, 833 F.2d 589 (6th Cir.1987), cert. denied, 108 S.Ct. 1050 (1988), so the ALJ was well within the range of permissible discretion in choosing to rely more heavily upon those portions of Cronk's testimony that evidenced claimant's ability to function.
 
 
 12
 Cronk also challenges the ALJ's conclusion that Cronk's mental condition is not a factor significantly limiting Cronk's ability to perform his past relevant work. While Cronk was found to suffer from a mild depressive disorder and two examining psychiatrists, Drs. Pedraza and Qadir, found Cronk's prognosis to be "guarded" or "guarded to poor," there was ample other evidence in the psychiatric reports to support the ALJ's conclusion. Cronk never sought medical help for his allegedly severe mental problems, and he was examined by Drs. Pedraza and Qadir in 1984 only after the Disability Determination Service (DDS) requested the examinations. In their reports, both psychiatrists noted that claimant is in contact with reality and sufferes from no hallucinations, delusions, or other psychotic thoughts. Dr. Pedraza found Cronk to be oriented, cooperative, and capable of providing reliable information. Additionally, Cronk was found to have no apparent difficulty with memory, calculations, judgment, or abstract thought. In the most recent psychiatric evaluation, performed in 1986, Dr. Brosius concluded, inter alia, that Cronk exaggerates his symptoms, has no psychotic thoughts, and is oriented in all three spheres. There was substantial evidence to support the ALJ's conclusion that "the evidence of record does not document any emotional disorder of such magnitude as to significantly interfere with the claimant's ability to engage in work-related functions." (App. at 18).
 
 
 13
 Finally, claimant asserts that the evidence did not demonstrate that adequate jobs exist for one of claimant's limited ability. Before this becomes a relevant issue, however, the ALJ must first have found the claimant to be incapable of performing his past relevant work. If the ALJ finds that a claimant is capable of performing his past work, as he did here, no inquiry into the availability of other work need be made.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation