916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. BRINDACK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-4013.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and HOLSCHUH*, District Judge.
 PER CURIAM.
 
 
 1
 Claimant Ronnie Brindack appeals from the district court's affirmance of the Secretary's denial of benefits. Finding no merit to any of the claimant's contentions on appeal, we affirm the denial of benefits.
 
 I.
 
 2
 On September 8, 1986, claimant filed the application for disability benefits which is the subject of this action, alleging disability due to multiple sclerosis, back pain, numbness in the leg and foot, and various other ailments, including depression, fatigue, and bladder problems.[1] The Secretary denied this claim initially and upon reconsideration. Claimant sought review before an Administrative Law Judge ("ALJ"), and after an evidentiary hearing, the ALJ concluded that claimant's impairments did not prevent him from performing his past relevant work as a telephone order clerk. The ALJ held that while claimant did have multiple sclerosis and a dysthymic disorder, claimant did not have an impairment or combination of impairments equal to the listings. The ALJ found that because of the strong medical evidence in the record, claimant's subjective complaints of pain were not credible.[2] The magistrate affirmed the ALJ's decision on September 19, 1989.[3] Claimant filed a timely notice of appeal to this court.
 
 
 3
 Claimant was forty-six years old at the time of the hearing before the ALJ and has a twelfth grade education. The claimant's work history includes employment as a spot welder, a punch press operator, the operation of the family pizza business, and a telephone order clerk. Claimant has suffered from multiple sclerosis for a number of years.
 
 
 4
 At the hearing claimant testified that he often drives his car as much as two or three times a week. He stated that he is in constant pain in both his back and his knees and that his legs are weak. He related that he has constant bladder problems which cause him to urinate numerous times during the day. Even though he is usually depressed, he stated that he gets along well with others. His daily activities include reading, watching television, yard work, and household chores.
 
 
 5
 Claimant was examined by various doctors for both his physical and mental ailments. The ALJ had the following medical evidence before him. In September of 1984, Dr. Jay Berke, M.D., diagnosed the claimant as having multiple sclerosis. Dr. Berke also noted that claimant was complaining of bladder problems.
 
 
 6
 In November of 1985, Dr. Duane Kuentz, M.D., noted that claimant was having spasms in his legs and that claimant also experienced numbness in his left leg and weakness in his right leg. The doctor had previously seen claimant for a bladder problem and for lower back pain. Despite medications, claimant continued to suffer lower back pain. Despite medications, claimant continued to suffer lower back pain. Despite medications, claimant continued to suffer lower back pain. In December of 1985, Dr. Kuentz noted that claimant could perform some types of sedentary work. In October of 1986, he stated that claimant was capable of performing sedentary work.
 
 
 7
 In December of 1985, Mr. Buterbaugh, M.A., a clinical psychologist, examined the claimant and reported that claimant had average intelligence and that he had no mental or emotional problems which would prevent him from performing unskilled or semi-skilled sedentary work. Dr. Raul Gonzalez, M.D., an associate of Mr. Buterbaugh, also examined claimant in December 1985 and found that claimant suffered from depression brought about by his physical problems. Dr. Marilyn Strayer, M.D., a psychiatrist, concluded that claimant had only moderate limitations with respect to his ability to engage in normal social activities and that claimant's mental condition would not prevent him from functioning effectively in a work setting.
 
 
 8
 Dr. Bhaget, M.D., conducted a neurological examination of the claimant in April of 1986. He found that while claimant did have some weakness in his right foot which caused him to limp, the claimant was generally very alert and well oriented. He also stated that claimant's multiple sclerosis was possibly in remission.
 
 
 9
 In January of 1987, psychologist Dr. John Quinn, Ph.D., examined the claimant and noted that claimant performed many normal daily tasks, such as washing dishes and cutting the grass. He stated that claimant suffered from a mild problem with inability to concentrate and that claimant had a dysthymic disorder. Dr. Marianne Collins, Ph.D., reviewed claimant's medical records in February 1987 and reported that claimant had only mild difficulties and restrictions in his daily living and social functioning, and concluded that claimant's condition did not meet the listed impairment. Finally, in September of 1987, claimant was examined by Dennis McArthur, M.S., a psychologist. He stated that while the claimant did suffer severe depression, there was only a moderate reduction in his ability to engage in normal daily activities.
 
 II.
 
 10
 This court reviews the Secretary's denial of disability benefits under a substantial evidence standard. 42 U.S.C. Sec. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The reviewing court " 'may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.' " Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 184 (6th Cir.1986) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984)).
 
 
 11
 A claimant bears the burden of establishing that he suffers a disability under the Social Security Act. Hurst v. Secretary of Health and Human Services, 753 F.2d 517, 518 (6th Cir.1985). The Act defines "disability" as an
 
 
 12
 inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...
 
 
 13
 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 14
 The social security regulations require a five-step sequential evaluation of a disability claim. 20 1:C.F.R. Sec. 404.1520 (1989).
 
 
 15
 1. An individual who is working and engaging in substantial gainful activity will not be found to be disabled regardless of medical findings. 20 C.F.R. Sec. 404.150(b).
 
 
 16
 2. An individual who does not have a severe impairment will not be found to be disabled. 20 C.F.R. Sec. 404.1520(c).
 
 
 17
 3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of disabled will be made without consideration of vocational factors. 20 C.F.R. Sec. 404.1520(d).
 
 
 18
 4. If an individual is capable of performing work he or she has done in the past, a finding of not disabled must be made. 20 C.F.R. Sec. 404.1520(e).
 
 
 19
 5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed. 20 C.F.R. Sec. 404.1520(f).
 
 
 20
 Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 
 21
 Claimant argues the ALJ's conclusion that he could perform his past relevant sedentary work and that his psychiatric condition was not severe is not supported by substantial evidence. Plaintiff asserts his subjective evidence of pain supports the finding of disability.
 
 
 22
 The ALJ accepted that claimant had multiple sclerosis. The ALJ evaluated the medical evidence and determined that claimant could perform his past relevant work as a telephone order clerk. The ALJ further noted that the more recent medical opinions indicated that claimant's condition improved or at least did not significantly worsen; one doctor even opined claimant might be in remission. The ALJ noted Dr. Kuentz's opinion that claimant could perform sedentary work, that is, a desk job that required little physical exertion. The ALJ also found claimant's testimony of pain not credible, stating:
 
 
 23
 In view of the claimant's testimony as to his activities as well as the clinical findings which would indicate no more than moderate pain and limitations, the preponderance of the evidence shows that the claimant's allegations of pain and limitations of such severity as to preclude sedentary work are not credible.
 
 
 24
 We find no error on the part of the ALJ. First, it is proper for the ALJ to determine that claimant's testimony as to pain is not credible since a determination of disability based on pain depends largely upon the claimant's credibility. Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 463-464 (6th Cir.1987). Furthermore, we find substantial evidence in the record to support the ALJ's finding that claimant retained residual functional capacity to perform his past work as a telephone order clerk. Dr. Kuentz, who had evaluated and treated claimant for numerous years, stated that the claimant could perform sedentary work. Mr. Buterbaugh stated that claimant could perform unskilled or semi-skilled sedentary work. Dr. Strayer's evaluation of the claimant's condition indicates that she felt that his impairments would not hinder his ability to function in a work-like setting. Dr. Quilin, a physician, reviewed the record evidence and concluded that claimant could perform light work. In light of this evidence and in the face of no contradictory, objective medical evidence, the ALJ could properly reject claimant's complaints of pain and conclude that the claimant's nonexertional limitations would not preclude him from performing his past relevant work.
 
 
 25
 The ALJ also evaluated the medical evidence of claimant's psychiatric condition. The ALJ accepted that claimant suffered from depression but noted that the clinical evaluations indicate claimant is well-oriented, and is only minimally deficient in concentration and attention span. Therefore, the ALJ concluded claimant's psychiatric condition is not severe. Although there is evidence to the contrary, the ALJ's decision is supported by substantial evidence. " 'An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.' " Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)).
 
 
 26
 Finally, claimant contends that the Secretary erred in concluding that there was substantial evidence to support a conclusion that claimant failed to meet or equal the Listing of Impairments in Sec. 11.09. We reject this argument. Section 11.09B of the Listings mandates that multiple sclerosis be coupled with an impairment described under Sec. 12.02. Under Sec. 12.02, claimant must establish:
 
 
 27
 history and physical examination or laboratory tests demonstrat[ing] the presence of a specific organic factor [here, multiple sclerosis] judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities.
 
 
 28
 (Emphasis added). Claimant must offer credible medical evidence of "a loss of specific cognitive abilities or affective changes, resulting in certain functional limitations." Listings, Secs. 12.02 (a), (b).
 
 
 29
 Claimant contends that his memory impairment, his chronic depression, and other emotional problems prove that he is disabled under the Listings. The Secretary concedes that claimant suffers from depression, that claimant suffered from learning problems early in his life, and that the claimant may have some restriction on his ability to concentrate. Claimant, however, has failed to prove that such problems are etiologically related to his multiple sclerosis.
 
 
 30
 Mr. Buterbaugh concluded that the claimant was suffering from depression prior to the onset of multiple sclerosis. He stated that claimant's depression was due to previous problems in his life. "[B]y the time he began to experience the physical problems that eventually resulted in his inability to work, he had already experienced a great deal of discouragement in life and was probably chronically depressed, tense, and nervous." The evaluation showed neither signs of long-term nor short-term memory impairment as a result of his multiple sclerosis. Claimant's learning problems dated as far back as elementary school. Dr. Gonzalez opined that the depression claimant suffered was due to multiple sclerosis. However, he stated that it was due to the physical symptoms of multiple sclerosis, not caused by any "organic" condition of multiple sclerosis. While Quinn noted that the claimant suffered from chronic depression, he did not elaborate on what caused that depression. Claimant simply offered no medical evidence that his depression, learning impairment, and memory impairment were organically caused by multiple sclerosis.
 
 
 31
 Even if claimant could establish such an etiological relationship, the severity of the claimant's impairment is not high enough to be considered disabling. See Listings Sec. 12.00(c). There is no concrete, objective medical evidence in the record to establish that the claimant's impairment was severe enough to be "disabling" within the meaning of the Act. Dr. Gonzalez was the only doctor to conclude that claimant was disabled. However, there was no objective medical evidence in his report which supports his conclusion. A doctor's conclusion that a claimant is disabled may be disregarded when that opinion is not supported by clinical findings set forth in the record. Crisp v. Secretary, Health and Human Services, 790 F.2d 450, 452 (6th Cir.1986). Also, Dr. Gonzalez's conclusion is in direct conflict with other evidence in the record. Accordingly, the Secretary correctly found that claimant failed to meet or equal the Listings.[4]
 
 
 32
 For the foregoing reasons, the denial of benefits is AFFIRMED.
 
 
 
 *
 The Honorable John D. Holschuh, Chief District Judge for the Southern District of Ohio sitting by designation
 
 
 [1]
 Claimant's September 8, 1986 application is his fourth application for disability benefits. All previous claims were denied. This court has not reviewed any of those claims
 
 
 [2]
 The ALJ correctly held that res judicata barred awarding the claimant benefits prior to the March 20, 1984, the date of the Secretary's previous final decision denying the claimant benefits
 
 
 [3]
 The parties stipulated that the magistrate would conduct all proceedings and enter a final order in the claimant's action
 
 
 [4]
 The claimant also argues that he meets or equals Secs. 11.09A, 1104B, and 11.00C. Because the claimant failed to raise the argument below, he is precluded from raising them in this appeal