**Greathel M. LOVEJOY, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 85–1044.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1985.

Decided May 16, 1986.

Hazel A. Straub, Charleston, W.Va., for appellant.

Marye L. Wright, Asst. U.S. Atty. (David A. Faber, U.S. Atty., Charleston, W.Va., on brief), for appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and HOFFMAN, United States District Judge for the Eastern District of Virginia, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

Greathel Lovejoy appeals the judgment of the United States District Court for the Southern District of West Virginia upholding a denial of social security disability benefits by the appellee Secretary of Health and Human Services. We find that the Secretary's decision that appellant could perform her past relevant work is unsupported by substantial evidence. We remand the case to the district court with instructions to remand to the Secretary for further proceedings.

I

Greathel Lovejoy filed an application for disability benefits in December 1981 claiming that she could no longer work because of pains in her chest, shortness of breath, and pains in her joints and legs. Lovejoy had worked at a variety of unskilled jobs such as inspector in a glove manufacturing plant, coil assembler in an acoustical speaker manufacturing plant, and housekeeper in a nursing home. She alleged that these jobs were too strenuous for her to continue.

Lovejoy's application was denied by Health and Human Services, and she was granted a hearing before an administrative law judge in October 1982. At that hearing, Lovejoy testified concerning her subjective complaints of pain. Medical evidence indicated that she had a history of arrested tuberculosis and was suffering from pulmonary fibrosis and cystadenosis of the left breast (which has subsequently been surgically removed). A Dr. Willard Pushkin noted some impairment of breath sounds in her lungs and some reduced exercise tolerance but concluded that she was capable of light or sedentary work. Another medical consultant indicated that she could not work in an environment containing dust, fumes, toxic conditions or poor ventilation. The medical evidence further indicated that Lovejoy's heartbeat was somewhat slower than normal.

The ALJ concluded that Lovejoy was disabled. He found that her impairment was severe under the Social Security regulations because it limited her ability to perform basic work activities. He further found that her past relevant work involved light to medium exertional requirements and that she could no longer perform such work. Applying the "grids" to determine her residual functional capacity, he found that she would be restricted to sedentary work activity and that given her marginal education and lack of transferable skills, jobs which she could perform did not exist in significant numbers in the national economy. He awarded her disability benefits retroactive to November 1981.

The Appeals Council reviewed the ALJ's decision on its own motion pursuant to 20 C.F.R. § 404.969. The Appeals Council found that the clinical findings did not support Lovejoy's allegations of severe disabling pain and concluded that her impairment did not meet the severity requirement of the Listing of Impairments, 20 C.F.R. Part 404, App. 1, Subpart P. The Appeals Council then found that her past relevant work as a coil assembler was a sedentary job which did not require lifting or carrying objects weighing more than ten pounds. Based on those findings, the Appeals Council reversed the decision of the ALJ and held that Lovejoy was not disabled as she

could perform her past relevant work. That decision became the decision of the Secretary.

Lovejoy then filed the present action for review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). The case was referred to a magistrate who recommended granting plaintiff's motion for summary judgment, thereby reversing the decision of the Secretary. He held that the Appeals Council erred by reversing the ALJ; in his view, the decision of the ALJ was supported by substantial evidence and by reviewing the entire record to reach a contrary conclusion, the Appeals Council had engaged in a de novo review contrary to 20 C.F.R. § 404.970(a)(3) which, the magistrate thought, imposed a judicially enforceable substantial evidence standard of review on the Appeals Council.

The district court declined to follow the magistrate's recommendation. It held that the decision of the ALJ was not binding on the Appeals Council and that the Secretary's final decision was to be upheld if supported by substantial evidence. Upon reviewing the record, the district court found the decision to be so supported and granted summary judgment affirming the Secretary's decision. This appeal followed.

## II

■ We first address the appellant's contention that the Appeals Council erred by engaging in a de novo review of the ALJ's decision in violation of its own regulations. We disagree, and hold that the district court applied the correct standard of review. As we held in *Parris v. Heckler*, 733 F.2d 324 (4th Cir.1984), and more recently in *Kellough v. Heckler*, 785 F.2d 1147 (4th Cir.1986), the courts in judicial review must uphold the Appeals Council decision if it is supported by substantial evidence. The substantiality of evidence supporting the ALJ's decision is a factor to consider in assessing the evidence in support of the Appeals Council's decision, but the ALJ's findings, though supported by substantial evidence, are not binding on the Appeals Council. That the Appeals Council found

the ALJ's decision unsupported by substantial evidence does not necessarily suggest that the Appeals Council applied an improper standard of review, and as in *Parris*, we find nothing in this record to suggest that the Appeals Council exceeded its authority. Therefore, our review of the Secretary's decision is confined to ascertaining if *it* is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Kellough*, 785 F.2d at 1150–52, *Parris*, 733 F.2d at 326.

## III

Our review of the evidence, however, leads us to conclude that the Secretary's decision is not supported by substantial evidence. In particular, we find that the Appeals Council erred in holding that the clinical findings did not support the claimant's subjective complaints of severe disabling pain.

To support its conclusion the Appeals Council relied on an examination by Dr. Pushkin and the fact that the claimant had not sought treatment nor taken any prescribed medication for her alleged pain. Dr. Pushkin performed pulmonary function studies that indicated the claimant had a normal lung capacity; the claimant was also able to perform an exercise tolerance test with satisfactory post-exercise recovery. On the basis of these tests, Dr. Pushkin concluded that the claimant could perform light or sedentary work.

In isolation those findings plausibly support the Secretary's conclusion that the claimant's allegation of pain was unsupported by objective clinical findings. Our function, however, is to review the evidence in light of the entire record, taking into account the findings of the ALJ who observed the claimant's condition at the hearing and was in a position to evaluate the credibility of her testimony. Upon such a review of the record, we are convinced that the Secretary's finding that the clinical findings did not support the claimant's complaints of severe disabling pain cannot stand.

■ Lovejoy testified at the hearing before the ALJ that she had very little income and lacked the funds to seek medical help or medication for her ailments. She received some social security benefits on behalf of her son who was born with cerebral palsy and remains handicapped with partial paralysis and seizures. While employed, Lovejoy herself sought medical treatment in regard to her tuberculosis, and underwent operations to remove her appendix and gallstones, and to correct a thyroid condition. After she ceased working, she underwent surgery to remove one of her breasts. Her testimony that she simply could not afford further treatment is uncontradicted on the record. A claimant may not be penalized for failing to seek treatment she cannot afford; "[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." *Gordon v. Schweiker,* 725 F.2d 231, 237 (4th Cir.1984). We recognize that the Secretary did not deny benefits on the basis of noncompliance with prescribed treatment; however, it is as erroneous to consider the claimant's failure to seek treatment as a factor in the determination that her impairment is not severe as it would be to reach the ultimate conclusion that the claimant is not disabled because she failed to follow prescribed treatment when that failure is justified by lack of funds. *Cf. Preston v. Heckler,* 769 F.2d 988 (4th Cir.1985).

■ Our conclusion that the Secretary's rejection of the claimant's allegations of severe disabling pain is further bolstered by the ALJ's decision that Lovejoy was disabled. As we have noted, that decision is not binding on the Appeals Council even if supported by substantial evidence. However, where the ALJ has observed the claimant's condition and demeanor, his finding that her complaints of pain are credible may undercut the substantiality of the evidence to support the Secretary's contrary decision. *Kellough,* 785 F.2d at 1153; *Parris,* 733 F.2d at 326; *Beavers v. Secretary of Health, Education & Welfare,* 577 F.2d 383 (6th Cir.1978). In this case the ALJ was presented with clinical evidence that the claimant suffered from arrested tuberculosis, pulmonary fibrosis, sinus bradychardia, and reduced exercise tolerance. He observed the claimant's demeanor; he also observed the claimant's physical discomfort at the hearing. His finding that her impairments were sufficiently severe to disable her implicitly finds that her complaints were credible. In that light and considering the Appeals Council's improper reliance on the claimant's failure to seek treatment, the Secretary's decision that the claimant's complaints of severe disabling pain were not credible cannot withstand substantial evidence review.

## IV

Because we find that the Secretary's decision that the claimant could perform her past relevant work was predicated upon an erroneous finding concerning the severity of her impairment, we vacate the judgment below and remand the case to the district court with instructions to remand the case to the Secretary for further proceedings. We do not reach the issue concerning the substantiality of evidence to support the Secretary's finding that the claimant's past work as a coil taper was sedentary in nature. We believe that the factual issue concerning the lifting requirements of the job should be resolved on remand. The Secretary's finding on this point was based on highly ambiguous written job descriptions submitted by the claimant who was found to have a marginal education. The issue apparently was not raised at the administrative hearing and was resolved by the Appeals Council. In fairness to the claimant, we believe such an issue that can be readily resolved by taking additional testimony should not be left to documentary evidence of such dubious accuracy.

**VACATED AND REMANDED.**