**Melissa M. KIRKLAND, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**No. 2:08–CV–26–BO.**

United States District Court,
E.D. North Carolina,
Northern Division.

Aug. 13, 2009.

Frederick (Rick) W. Fleming, The Law Offices of James Scott Farrin, Durham, NC, for Plaintiff.

Mark J. Goldenberg, Social Security Administration, Baltimore, MD, for Defendant.

## *ORDER*

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on May 7, 2009, at Raleigh, and the matter is now ripe for ruling. For the reasons discussed below, Plaintiff's Motion is GRANTED, Defendant's Motion is DENIED, and the decision of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff filed for a period of disability and disability insurance benefits alleging that disability began on February 20, 2004. After Plaintiff's claims were denied both initially and upon review, a hearing was held before an Administrative Law Judge ("ALJ") on January 11, 2007. The ALJ concluded that Plaintiff was not disabled under the law. The Appeals Counsel denied Plaintiff's request for review and Plaintiff filed the instant action.

## ANALYSIS

 The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of the evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court must not substitute its judgment for that of the Commissioner's if the Commissioner's decision is supported by substantial evidence. *Hays,* 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impact, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regula-

tions. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period. The ALJ found that Plaintiff's impairments of residual effects of L4–5 fusion, a moderate disc herniation at T8–9, and depression were severe at step two, but did not meet or equal a listing at step three. At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a poultry processor. However, the Plaintiff was found able to perform jobs that exits in the national economy at step 5.

 At issue in this case is whether, assuming the finding of the ALJ that Plaintiff has a residual functional capacity (RFC) which would allow her to do sedentary, unskilled work with periodic alternating between sitting and standing and occasional stooping is supported by substantial evidence, Plaintiff's diagnosed depression and complaints of pain are such that they would preclude her from performing jobs available in the national economy.

Plaintiff was a poultry processor for roughly fifteen years prior to her alleged onset of disability and suffers from low and mid-back pain and depression. Plaintiff underwent a lumbar fusion of L4–5 in 2001 and has moderate disc herniation at T8–9. The ALJ found that Plaintiff could not return to her past relevant work as a poultry processor, a finding with which the Commissioner agrees. (Hrg. Tr. at 7–8). At step 5, the ALJ found that Plaintiff had an RFC to "lift and carry 10 pounds, walk and/or stand 2 hours in an 8–hour workday and sit for 6 hours in an 8–hour workday

when she is allowed to alternate sitting and standing periodically ..., perform simple tasks requiring no more than occasional bending, stooping, or squatting .... [and] perform simple, repetitive tasks." (Tr. at 19). Because Plaintiff cannot perform the full range of sedentary work, the ALJ called a vocational expert (VE) to determine whether jobs exist in the national economy that would accommodate Plaintiff's additional restrictions. In response to hypotheticals regarding an individual the same age and with the same education and past work experience as Plaintiff who is limited to sedentary work with additional exertional limitations, the VE testified that there are three jobs that exist that such an individual could perform in sufficient numbers in the national economy. These jobs would also be available to an individual with the same limitations suffering from mild to moderate pain and or depression. However, the VE testified that an individual with Plaintiff's limitations who suffered from moderate to severe pain and or depression would be unable to perform such jobs. (Tr. at 441).

■ Plaintiff has submitted substantial evidence of moderate to severe pain and depression. Plaintiff has been evaluated by two mental health professionals, both of whom point to moderate to severe limitations in her ability to function. In 2005, Plaintiff received a Global Assessment of Functioning (GAF) of 50, which indicates "serious symptoms" or "serious impairment in social, occupational, or school functioning," and was diagnosed with major depressive disorder (single, moderate).

DSM–IV–TR, 34 (4th ed. 2000); (Tr. at 414). Later in 2005, Plaintiff was evaluated by a second mental health professional, who determined that "she may have a difficult time tolerating the stress and pressures associated with day to day activity," and assessed a GAF of 59, indicating "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning." (Tr. at 353); DSM–IV–TR, 34 (4th ed. 2000). Plaintiff testified at the hearing before the ALJ that she relies heavily on counseling from her pastor in order to handle her depression because she cannot afford to seek medical treatment.[1] (Tr. at 433–434).

■ Plaintiff testified at the hearing before the ALJ that the pain in her back is "throbbing" and "like someone is ... sticking needles and knives in my back...." (Tr. at 432). This is consistent with the medical evidence in the record of status post-lumbar fusion and disk herniation, as well as the documentation of Plaintiff's visits to her treating physician with reports of continued pain. Plaintiff experienced some temporary relief with injection therapy and physical therapy, but her back pain and leg discomfort persisted. In 2004, Plaintiff's treating physician[2] stated that he was unsure whether Plaintiff's pain would allow her to perform even sedentary work with the ability to change positions frequently. (Tr. at 302). Plaintiff has been prescribed pain medications such as Neurontin and Darvocet, but can no longer afford these prescriptions and attempts to manage her pain with over-the-counter analgesics.[3] When the evidence and testimo-

1. "A claimant may not be penalized for failing to seek treatment she cannot afford; '[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.' " *Lovejoy v. Heckler,* 790 F.2d 1114, 1117 (4th Cir.1986) (quoting *Gordon v. Schweiker,* 725 F.2d 231, 237 (4th Cir.1984)).

2. A treating physician's opinion is to be given if not controlling weight than great weight or at a minimum deference. *See* 20 C.F.R. § 404.1527; S.S.R. 96–2p.

3. *See Lovejoy v. Heckler,* 790 F.2d 1114, 1117 (4th Cir.1986).

ny regarding Plaintiff's pain is considered in addition to her diagnosed major depressive disorder, there is substantial evidence to support a finding that Plaintiff is an individual with moderate to severe pain and depression. Therefore, based on the testimony of the VE, as an individual with moderate to severe pain and or depression, Plaintiff is unable to perform jobs that exist in the national economy, and the Commissioner has failed to carry its burden at step 5.

Accordingly, for the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, Defendant's Motion for Judgment on the Pleadings is DENIED, and the decision of the Commissioner is REVERSED.