Melissa **KIRKLAND**, Plaintiff,

v.

Michael J. **ASTRUE**, Commissioner of Social Security, Defendant.

No. 2:08–CV–26–BO.

United States District Court, E.D. North Carolina, Northern Division.

Jan. 12, 2010.

Frederick (Rick) W. Fleming, The Law Offices of James Scott Farrin, Durham, NC, for Plaintiff.

Mark J. Goldenberg, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on the Commissioner's Rule 59(e) Motion to Alter or Amend Judgment. The Commissioner requests that the Court reconsider its holding that the ALJ's determination that Plaintiff can perform jobs that exist in the national economy was unsupported by substantial evidence and clarify whether this case is remanded for further administrative hearings or for the Commissioner to make a finding of disability. For the reasons stated below, the Commissioner's Motion to Alter or Amend the Judgment is DENIED, but the Court will clarify the Commissioner's obligations under the prior Order.

## INTRODUCTION

This Court previously found that the ALJ's decision regarding Plaintiff's ability to perform jobs that exist in the national economy was not supported by substantial evidence. At the hearing, Plaintiff presented evidence that she suffered from moderate to severe pain and depression. A Vocational Expert ("VE") testified that jobs exist in the economy for a person with Plaintiff's physical conditions who also suffered from mild to moderate pain or depression but that jobs did not exist in the

economy for the same person suffering from moderate to severe pain or depression. The ALJ discounted the medical evidence of Plaintiff's pain and depression and found that Plaintiff's pain and depression would not prevent Plaintiff from performing jobs that exist in the national economy. After reviewing the ALJ's decision and the record, this Court determined that the ALJ erred in discounting the medical evidence of Plaintiff's pain and depression, finding that Plaintiff suffered from only mild to moderate pain or depression, and finding that Plaintiff could perform jobs that exist in the national economy.

The Commissioner filed this Motion to Alter or Amend Judgment on August 28, 2009. Plaintiff responded on September 1, 2009. The Motion is now ripe for ruling.

## DISCUSSION

The Commissioner contends that this Court's prior order contains an error of law.[1] The Commissioner is correct to note that the ALJ's decision is not necessarily unsupported by substantial evidence if the plaintiff submits substantial evidence to support a contrary proposition. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir.1996) ("The issue before us, therefore, is not whether Craig is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence"). But here the ALJ's decision was not supported by substantial evidence. Rather, the ALJ fashioned an assessment of Plaintiff's pain and depression that is unsupported by the medical evidence in the record.

Although the ALJ finds that Plaintiff's pain and depression are "mild to moderate", nothing in the record describes Plain-tiff's pain or depression as mild. With regard to Plaintiff's depression, both mental health professionals that evaluated Plaintiff describe moderate to severe limitations. In 2005, Plaintiff received Global Assessment of Functioning ("GAF") scores of 50 and 59, which respectively indicate "serious impairment in social, occupational, or school functioning" and "moderate difficulty in social, occupational, or school functioning." DSM–IV–TR, 34 (4th ed. 2000). And a finding that Plaintiff's pain is merely mild to moderate is inconsistent with documentation in the record of Plaintiff's lumbar fusion and disk herniation, visits to her treating physician with reports of continuing pain, and treating physician's statement that he was unsure whether Plaintiff's pain would allow her to perform any work. *See* 20 C.F.R. 404.1527 (A treating physician's opinion is entitled to deference if not controlling weight.) The ALJ's decision relies heavily on the conservative course of Plaintiff's treatment. But Plaintiff's inability to afford more aggressive treatment is not a sufficient basis for the ALJ's findings. *See Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir.1986) ("[a] claimant may not be penalized for failing to seek treatment she cannot afford"). In sum, as explained more fully in this Court's prior order, substantial evidence does not support the ALJ's conclusion that Plaintiff suffers from only mild to moderate pain or depression and can perform jobs that exist in the economy.

The Commissioner's Motion also seeks clarification as to whether this Court's Order requires further testimony from the VE or an award benefits. Because the VE has already testified that no jobs exist in the economy that a person in Plaintiff's

---

1. "[C]ourts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir.1994).

condition could perform, further testimony by the VE is not required. Therefore, this matter is REMANDED for an award of benefits.

## *CONCLUSION*

The Commissioner's Motion to Alter or Amend Judgment is DENIED and this matter is REMANDED for an award of benefits.